[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff has filed this summary process action alleging non-payment of rent and seeking possession of the premises known as 13 Wightman Street, First Floor, in New London, Connecticut.
On November 13, 2000, the plaintiff properly served the defendant with a valid notice to quit for non-payment of rent. The plaintiff subsequently filed the instant action under a return date of November 30, 2000. The defendant was appropriately served with the writ, summons and complaint on November 20, 2000. The plaintiff and defendant have both filed pro se appearances. Based on the foregoing, the court finds that the defendant received proper notice of the proceeding, and that the court has jurisdiction in this matter.
Trial was held on December 15, 2000 at Superior Court GA-10 in New London. On December 15, the defendant appeared at court but requested a continuance of the trial in order to obtain counsel. The plaintiff objected to this request. The court found that the defendant had previously had sufficient time to retain a lawyer and denied the request. The trial proceeded and both pro se parties testified and introduced evidence.
 FACTUAL FINDINGS 
The court has carefully considered the evidence and testimony adduced at trial and finds that the following facts were proven by a preponderance of the evidence:
On July 1, 2000, the plaintiff and the defendant entered into a written lease wherein the plaintiff leased the subject premises to the defendant for the monthly rental payment of $450, due and payable first of each month. (Plaintiff's Exhibit 1) The defendant took possession of the premises on July 1st and has remained in possession thereof since that date. On November 1, 2000, the defendant did not pay the rent of $450 which was due for that month. After the expiration of the statutory grace period, the plaintiff served the defendant with the notice to quit referred to above.
After receiving the notice to quit, the defendant contacted the New London Building Division to report alleged housing code violations in the rental unit. The building official inspected the premises on November 28 and issued a notice of nine code violations to the plaintiff on the CT Page 288 following day. (Defendant's Exhibit A). The building official instructed the landlord to correct the defective conditions within the periods of time indicated in the notice.
The most serious of the violations were the lack of an approved heating system in the habitable areas of the premises, leaking plumbing, and a defective gas stove/heater (Defendant's Exhibit A, Page 2).
The defendant testified that he had begun complaining to the landlord and requesting that she remedy the code violations shortly after he took occupancy last summer. He stated that the landlord promised to fix the problems but never did so, and so he did not pay the plaintiff the rent due on November 1, 2000. He also testified that he contacted the building inspector after he learned that the plaintiff was evicting him. The defendant never wrote about his complaints to the landlord.
The plaintiff denied that the defendant complained to her prior to the date when he contacted the building inspector. She also claimed that the defendant has changed the locks on the premises, and that this is now impeding her recent efforts to remedy the conditions cited by the building inspector. The defendant admitted that he had, in fact, changed the locks and refused to give the landlord a key, claiming that he did not trust the plaintiff.
 DISCUSSION 
The defendant has raised the special defense of retaliatory eviction, per C.G.S. § 47a-33. Although the court found the defendant's testimony that he requested the landlord to make repairs before November 1, 2000 to be credible, this special defense is not available to defendants in a summary process action based upon an allegation of non-payment of rent. (See C.G.S. § 47a-20a.)
The defendant also claims that this action should be dismissed under C.G.S. § 47a-23c because he is physically disabled. Here too, however, this special defense is barred in actions for non-payment of rent. (See C.G.S. § 47a-23c(b)(1)).
The defendant's remaining special defense is predicated upon the provisions of C.G.S. § 47a-4a and C.G.S. § 47a-7.
C.G.S. § 47a-4a states that "A rental agreement shall not permit the receipt of rent for any period during which the landlord has failed to comply with subsection a of section 47a-7." The applicable portion of that statute mandates that a landlord shall:
CT Page 289 "(1) Comply with the requirements of chapter 368o and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant; (3) keep all common areas of the premises in a clean and safe condition; (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him; (5) provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish and other waste incidental to the occupancy of the dwelling unit and arrange for their removal; and (6) supply running water and reasonable amounts of hot water at all times and reasonable heat except if the building which includes the dwelling unit is not required by law to be equipped for that purpose or if the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant or supplied by a direct public utility connection.
The gravamen of the defendant's argument is that he was not required to pay rent because of the plaintiff's failure since July 2000 to remedy serious housing code violations.
This court is mindful that the allegedly defective conditions must pose a serious safety risk or render the premises uninhabitable before a tenant is justified in withholding rent under C.G.S. § 47a-4a. "[T]he sanctions in these sections are not triggered until and unless evidence is adduced at trial establishing that there is a substantial violation or series of violations of housing and health codes creating a material risk or hazard to the occupant." (internal citations omitted) Visco v. Cody,16 Conn. App. 444, p. 450-451 (1988).
However, the building official cited the plaintiff for nine code violations and the evidence established that some of these conditions had existed since the defendant took occupancy. The court finds that the most significant violation — the lack of an approved heating system in CT Page 290 all habitable areas of the rental unit — was a serious code defect that materially endangered the health and safety of the tenant.
Given the plaintiff's failure between July 1, 2000 and November 1, 2000 to install an approved heating system in the premises, and to repair the other defective conditions, the court finds by a preponderance of the evidence that the defendant was justified under C.G.S. § 47a-4a to withhold the rent due on November 1st.
Accordingly, the plaintiff's claim for possession due to non-payment of rent fails, and judgment may enter in favor of the defendant.
At trial, the defendant promised that he would immediately provide plaintiff with a key and cooperate with the necessary repairs. The court cautions the defendant that he must provide the landlord with access, and resume paying monthly rental once an approved heating system has been installed. Failure to do so could result in further proceedings of this nature and the loss of his tenancy.
Dated at New London this 3rd day of January 2001.
BY THE COURT,
Dyer, J